IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY LOFTSGARD, Wife; and MIKE LOFTSGARD, Husband;<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation;<br><br>Defendant. | 7:25CV5003<br><br>**FIRST AMENDED FINAL PROGRESSION ORDER** |

    This matter comes before the court on the parties' joint motion to amend the case progression deadlines. (Filing No. 24). For good cause shown, that motion is granted. Accordingly, IT IS ORDERED that the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings scheduled on **February 18, 2026** at **10:00 a.m. is continued** and will be held on **April 2, 2026** at **10:00 a.m**. with the undersigned magistrate judge by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 8). The parties have advised that they are tentatively scheduled for mediation on March 23, 2026. They shall promptly notify the court of the status of mediation prior to the scheduled status call.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is July 29, 2026. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by August 12, 2026.

**Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

>   For the plaintiff(s):     July 29, 2026.
>   For the defendant(s):     August 26, 2026.
>   Plaintiff(s) rebuttal:    September 14, 2026.

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

>   For the plaintiff(s):     August 26, 2026.
>   For the defendant(s):     September 28, 2026.
>   Plaintiff(s)' rebuttal:   October 15, 2026.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is December 14, 2026.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

   b. Depositions will be limited by Rule 30(d)(1).

6) The deadline for filing motions to dismiss and motions for summary judgment is December 14, 2026.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is December 14, 2026.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

8)     Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 26th day of January, 2026.

                        BY THE COURT:

                        s/ Ryan C. Carson
                        United States Magistrate Judge